IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMAL WHITE, #3647-21, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:21-cv-3037-D-BN |
| CINDY ERMATINGER, ET AL., | | |
| Defendants. | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Timothy Jamal White, an inmate at the Ellis County jail, submitted a *pro se* complaint against Cindy Ermatinger, a state district judge in Ellis County – alleging that Judge Ermatinger illegally incarcerated him – and (possibly) the Ellis County Jail – alleging that he was held illegally – in which White seeks reimbursement for his allegedly illegal incarceration. *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred White's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and determine that this dismissal counts as a strike under 28 U.S.C. § 1915(g), under which prisoners may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to

state a claim.

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Preliminarily, White alleges that his current claims emanate from a 2017 decision by Judge Ermatinger. *See* Dkt. No. 3 at 4. And Ellis County jail records reflect that White was booked into the jail in November 2021. So White has not alleged – nor is there a plausible inference – that his current civil claims stem from – and would thus interfere with – an ongoing criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 43-47 (1971); *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016). Regardless, *Younger* abstention "applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). That is not the case here for the following reasons.

First, as to White's allegations against Judge Ermatinger, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits

for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

White fails to allege that any act taken by Judge Ermatinger was not a normal judicial function nor undertaken without jurisdiction. His claims against this defendant are therefore barred by judicial immunity.

Next, as to any claims that White may allege against the jail itself, a plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true

political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). And this Court has previously held that the Ellis County Jail is not a jural entity. *See Story v. Ellis Cnty. Court 40th Dist.*, No. 3:19-cv-1994-B-BN, 2019 WL 5580143, at *1-*2 (N.D. Tex. Aug. 30, 2019) (citing *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016) (collecting cases supporting that a Texas county jail is a non-jural entity)), *rec. accepted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019).

Finally, considering the complaint as filed, the undersigned finds that leave to amend is not required for the reasons set out above. But the time to file objections to these findings, conclusions, and recommendation (further explained below) allows White an opportunity to explain how he would cure the deficiencies in his initial complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where

plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE